## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

JEFFREY DE VOUR,

      *Plaintiff,*

v.

COMMISSIONER OF
SOCIAL SECURITY,

      *Defendant.*

_____/

CIVIL NO. 09-CV-14931

DISTRICT JUDGE GERALD E. ROSEN
MAGISTRATE JUDGE CHARLES BINDER

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
## ON PLAINTIFF'S MOTION SEEKING AN ATTORNEY FEE
## PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT
(Doc. 21)

## I.    RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that Plaintiff's Motion Seeking

an Attorney Fee Pursuant to the Equal Access to Justice Act be **GRANTED** and that Plaintiff be

awarded attorney fees in the total amount of $4,656.25, representing 37.25 hours of attorney time

at the rate of $125 per hour.

## II.    REPORT

### A.    Introduction

Pursuant to an Order of Reference from United States District Judge Gerald Rosen under

28 U.S.C. § 636(b)(1)(A)[1], pending is Plaintiff's Motion Seeking an Attorney Fee Pursuant to the

Equal Access to Justice Act (hereafter "EAJA"), 28 U.S.C. § 2412.

_____

[1]A magistrate judge may not hear and determine a post-judgment motion for fees under 28 U.S.C. § 636(b)(1)(A), because it is not a "pretrial matter," and it is considered "dispositive of a claim." Therefore, I must proceed by Report and Recommendation under 28 U.S.C. § 636(b)(1)(B). *Massey v. City of Ferndale*, 7 F.3d 506, 510 (6th Cir. 1993).

Attorney Diane M. Kwitoski has represented Plaintiff throughout the pendency of this case. Plaintiff's counsel filed the case in December 2009, seeking judicial review of a decision by the Defendant Commissioner denying Plaintiff's claim for benefits. The case was referred to this magistrate judge for a Report and Recommendation. (Doc 3.) However, on August 17, 2010, Plaintiff and the Defendant Commissioner stipulated to remand the case pursuant to sentence four of 42 U.S.C. § 405(g), in order to "provide the claimant with a new administrative hearing and [to] issue a new decision following consideration of all the evidence." (Doc. 19 at 1.) Judgment was entered the same day. (*Id.*)

The instant motion was filed September 16, 2010. (Doc. 21.) The motion papers indicate that Plaintiff seeks $4,656.25 in attorney fees. The Defendant Commissioner filed a response stating that it has no objection to the request. (Doc. 23.)

## B.   EAJA Requirements

Three conditions must be met in order to recover attorney fees under the EAJA: (1) the claimant must be a prevailing party; (2) the government's position must be without substantial justification; and (3) there are no special circumstances which would warrant a denial of fees. *Marshall v. Commissioner*, 444 F.3d 837, 840 (6th Cir. 2006); *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991).

With regard to the first condition, the Supreme Court has held that a party who obtains a sentence four remand is a prevailing party eligible for a judgment awarding costs and attorney fees and expenses under the EAJA. *Shalala v. Schaefer*, 509 U.S. 292, 301-02, 113 S. Ct. 2625, 125 L. Ed. 2d 239 (1993). Accordingly, since Plaintiff in this case obtained a sentence four remand, I suggest that this condition is met.

The second and third conditions stem from the EAJA's provision that a litigant may not recover attorney fees from the United States if the government's position was substantially justified. The statute reads in pertinent part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . ., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). The government bears the burden of demonstrating substantial justification. *E.W. Grobbel Sons, Inc. v. Nat'l Labor Relations Bd.*, 176 F.3d 875, 878 (6th Cir. 1999). In this case, the government does not argue that its position was substantially justified or that special circumstances exist; accordingly, I suggest that it has not met its burden and therefore the second and third requirements for the award of EAJA fees are likewise satisfied.

## C.    Amount of Attorney Fees

Attorney's fees claimed under the EAJA must be reasonable. *Glass v. Secretary of HHS*, 822 F.2d 19, 21 (6th Cir. 1987). As the Supreme Court noted in *Hensley v. Eckerhart*, 461 U.S. 424, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983), "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Id at 433. In *Glass*, the Sixth Circuit, citing *Coulter v. State of Tennessee*, 805 F.2d 146, 149 (6th Cir. 1986), recognized "that the rate-times-hours method of calculation, also known as the 'lodestar' approach, includes most, if not all, of the factors relevant to determining a reasonable attorney's fee." *Glass*, 822 F.2d at 21. The statutory hourly maximum is $125.00, "unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A).

Here, counsel for Plaintiff submitted an itemized statement of the time spent on this case and the various tasks undertaken. (Doc. 21 at 4.) Counsel requests $125 per hour for 37.25 hours, which totals $4,656.25. I suggest that the hourly rate is entirely reasonable, as it is no more than that contemplated by Congress in the 1996 amendments. I further suggest that the number of attorney hours has been adequately documented and is reasonable for a case such as this.

Accordingly, I recommend that Plaintiff's Motion Seeking an Attorney Fee be granted and that Plaintiff[2] be awarded attorney fees in the amount of $4,656.25.

## III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." FED. R. CIV. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit*

---

[2]The EAJA provides that the court shall award fees "to a prevailing party." 28 U.S.C. § 2412(d)(1)(A). In *Bryant v. Commissioner of Social Security*, 578 F.3d 443 (6th Cir. 2009), the Sixth Circuit held that payment under the EAJA must be made to the prevailing party, not to his attorney. *Id*. at 449. In this case, Plaintiff's counsel has submitted an affidavit from Plaintiff wherein Plaintiff assigns his right or interest in the award of EAJA fees to counsel Diane Kwitoski as compensation for the work performed on this case and authorizes her to endorse his name on any check representing an award of EAJA fees.

*Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR

72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.


 s/ Charles E Binder

CHARLES E. BINDER

Dated: October 28, 2010                United States Magistrate Judge


## CERTIFICATION

I hereby certify that this Notice was electronically filed this date, electronically served on Diane Kwitoski and Vanessa Miree Mays, and served on Judge Rosen in the traditional manner.

Date:  October 28, 2010          By     s/Jean L. Broucek
                                 Case Manager to Magistrate Judge Binder